GREENBERG TRAURIG, LLP
James W. Perkins (perkinsj@gtlaw.com)
200 Park Avenue
New York, New York 10166
Tele: (212) 801-3188
Fax: (212) 224-6137

*Attorneys for Petitioners*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY and ADM EXPORT COMPANY,<br><br>Petitioners,<br><br>v.<br><br>AGRIBUSINESS UNITED NORTH AMERICA CORPORATION f/k/a AGRIBUSINESS UNITED, INC.,<br><br>Respondent. | Civ. No. _____17-CV-_____<br><br>**PETITION FOR CONFIRMATION OF ARBITRATION AWARD** |

Petitioners Archer Daniels Midland Company ("ADM") and ADM Export Company ("ADM Export") (collectively, "Petitioners") hereby petition this Court for confirmation of a final arbitration award (comprised of the "Award" and "Modified Award")[1] pursuant to 9 U.S.C. § 2, as follows:

---

[1] True and correct copies of the Award, Modified Award, relevant contracts and other supporting documents are attached to the Declaration of James W. Perkins submitted contemporaneously with this Petition.

## PARTIES

1.     Petitioner ADM is a corporation duly incorporated and existing under the laws of the State of Delaware, with its principal place of business located at 77 West Wacker Drive, Suite 4600, Chicago, Illinois.  ADM is one of the world's largest agricultural processors and food ingredient providers, with more than 33,000 employees serving customers in more than 140 countries.

2.     Petitioner ADM Export is a corporation duly incorporated and existing under the laws of the State of Delaware, with its principal place of business located at 4666 Faries Parkway, Decatur, Illinois 62526.

3.     Respondent Agribusiness United North America Corporation f/k/a Agribusiness United, Inc. ("Agribusiness") is a corporation duly incorporated and existing under the laws of the country of the United Arab Emirates, with its principal place of business located at Seba I Tower, Suite 2203, Floor 22, Jumeirah Towers, Dubai, United Arab Emirates.  Agribusiness can be lawfully served with process within the United States of America at either: (i) its principal business address within the United States of America located at 2 East Bryan Street, Savannah, Georgia; or (ii) upon its registered agent, William E. Dilliard, 411 E. Liberty Street, Savannah, Georgia 31401.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction over this action, regardless of the amount in controversy, pursuant to 9 U.S.C. § 203.

5.     Venue is proper in this District as the final arbitration award for which Petitioners seek an order of confirmation in this proceeding was made in New York, New

York for purposes of Article I of the New York Convention of 1958 on the Recognition and Enforcement of Foreign Arbitral Awards.

## FACTUAL BACKGROUND

### (Agreement between ADM and Agribusiness Leading to the Award)

6. On or about February 24, 2015, ADM and Agribusiness entered into a contract, pursuant to which Agribusiness agreed to purchase 300 tons of soybean meal for ADM to deliver between October 1, 2015 and October 10, 2015. The parties memorialized the contract pursuant to a formal written Sales Confirmation (Contract No. 16586).

7. On or about that same day (February 24, 2015), ADM and Agribusiness entered into three other contracts (Contract Nos. 16583, 16584, and 16585), pursuant to which Agribusiness agreed to purchase a certain quantity of soybean meal for ADM to deliver between April 1, 2015 and August 10, 2015.

8. ADM delivered the soybean as contracted, but various disputes arose between ADM and Agribusiness relating to Agribusiness's failure to make payment under Contract Nos. 16583, 16584, 16585, and 16586.

9. Contract Nos. 16583, 16584, 16585, and 16586 expressly provide that the terms and provisions thereof are governed by the applicable National Oilseed Processors Association ("NOPA") Trading Rules.

10. Rule 14 of the NOPA Trading Rules provides, in pertinent part, as follows:

> All controversies arising out of contracts made under these Trading Rules or the Breach thereof, unless amicably adjusted otherwise, shall be settled by final and binding arbitration in accordance with the rules, then obtaining, of the American Arbitration Association.

**(Agreement between ADM Export and Agribusiness Leading to the Award)**

11. On August 6, 2015, ADM Export and Agribusiness entered into a contract for ADM Export to sell and Agribusiness to buy 3,031 tons of soybean hull pellets (the "Pellet Contract").

12. As a result of extended delays relating to offloading of the pellets, ADM Export was charged demurrage fees in the total amount of $59,600.00, $21,600.00 of which Agribusiness admitted it was liable.

13. On January 15, 2016, ADM Export issued an Invoice (Inv. No. 020785) to Agribusiness wherein ADM Export demanded that Agribusiness pay the $21,600.00 portion of the demurrage fees for which it conceded liability.

14. Despite repeatedly admitting that it was liable for its $21,600.00 portion of the demurrage fees, Agribusiness nevertheless failed and refused to pay ADM Export that amount.

15. Agribusiness's failure to pay the amount due and owing under Inv. No. 020785 constituted a default under the Pellet Contract.

16. Like the other contracts, the Pellet Contract expressly provides that the terms and provisions thereof are governed by the NOPA Trading Rules.

## THE ARBITRATION AND AWARD

17. Pursuant to Rule 14 of the NOPA Trading Rules, Petitioners commenced an arbitration case against Agribusiness on March 15, 2016 with the International Centre for Dispute Resolution – International Arbitration Tribunal, a division of the American Arbitration Association. The case, in which Petitioners alleged Agribusiness's breaches of the parties agreements as described above, was assigned Case No. 01-16-0000-8791

(the "Arbitration Case"). The Arbitration Case proceeded under the Expedited Procedures set forth in the Commercial Arbitration Rules.

18. On November 18, 2016, Agribusiness filed a Reply to Petitioners' Joint Statement of Claim and asserted various counterclaims against ADM.

19. David Friedman was designated as the arbitrator (the "Arbitrator") for the Arbitration Case. No party objected to the Arbitrator's appointment.

20. Pursuant to the Expedited Procedures, the Arbitrator issued a "Final Award" (previously defined as the "Award") on March 13, 2017 based on the parties' pleadings and other filings.

21. As set forth in the Award, the Arbitrator granted the following relief to Petitioners:

1. After agreed set off of all of Respondent's counterclaims in the amount of US $10,751.69 conceded by Claimant Archer Daniels Midland Company, Respondent, now operating under its changed name, Agribusiness United North America Corporation, is liable to Claimant Archer Daniels Midland Company, in the amount of US$12,918.31.
2. Respondent, now operating under its changed name, Agribusiness United North America Corporation, is liable to Claimant ADM Export Company in the amount of US $ 21,600.00.
3. The administrative fees of the American Arbitration Association totaling US $750.00 and the compensation of the arbitrator in the amount of US $1000.00 shall be borne equally by the parties.
Respondent shall reimburse Claimants the amount of US $375.00 representing administrative fees and arbitrator compensation incurred by Claimants.

22. On March 30, 2017, the Arbitrator issued a "Modification of Final Award" (previously defined as "Modified Award") to address a computational error in the amount of the administrative fees.

23. The Modified Award amended paragraph 3 of the Final award to read as follows: "The administrative fees of the American Arbitration Association totaling

US$1500.00 and the compensation of the arbitrator in the amount of US $1000.00 shall be borne equally by the parties."

24. The Modified Award reaffirmed the Final Award in all other respects.

25. Petitioners have repeatedly demanded Agribusiness pay the Award as modified by the Modified Award, but Agribusiness has refused to do so.

WHEREFORE, Petitioners hereby request this Court:

(a) confirm the Award pursuant to 9 U.S.C. § 2;

(b) grant judgment in favor of ADM and against Agribusiness in amount of $12,918.31;

(c) grant judgment in favor of ADM Export and against Agribusiness in the amount of $21,600;

(d) grant Petitioners pre-judgment interest on the amounts set forth in paragraphs (b) and (c) above, accruing from the date of the Award; and

(e) grant Petitioners such additional relief as this Court deems just.

Dated: New York, New York
June 12, 2017

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ James W. Perkins*

James W. Perkins
perkinsj@gtlaw.com
Attorneys for Petitioners
MetLife Building
200 Park Avenue
New York, NY 10016
Tele: (212) 801-3188
Fax: (212) 224-6137